UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES N. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4: 13 CV 960 RWS |
| | ) | |
| JAY CASSADY AND CHRIS KOSTER, | ) | |
| | ) | |
| Respondents. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion to alter or amend the September 22, 2016 Judgment denying his habeas petition under Fed. R. Civ. P. 59(e) and 60(b)(6).

Petitioner's Rule 59 motion is denied as untimely, as a motion to alter or amend a judgment must be filed within 28 days after the entry of judgment. A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3).

Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. Boyd, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals." Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion that merely alleges a defect in the integrity of the habeas proceedings is not a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 535–36 (2005) (Rule 60(b) motion challenging district court's previous ruling on statute of limitations was not the equivalent of a successive habeas petition). A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or

as an attack on the "federal court's previous resolution of the claim on the merits." Id. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n. 4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition.

Petitioner's motion will be denied. Petitioner challenges the Court's ruling that his attorney was not ineffective for failing to ask the trial court to question jurors about whether a juror was sleeping during part of his trial. The Court denied this ground on the merits, finding that the state court's determination that counsel's performance was neither defective nor prejudicial was not based on an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1994), or the facts in light of the evidence. As petitioner has not obtained certification to file a successive motion from the Eighth Circuit, petitioner's successive petition will be denied. Even if the claim were properly before me, it would still be denied for the reasons previously stated.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues

deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter judgment [#27] is denied in part and dismissed in part for lack of jurisdiction; the motion is denied to the extent the motion is treated as one brought under Rules 59(e) and 60(b)(6), and dismissed for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a federal constitutional right.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2016.